UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Case No. 05-80955-27

ERIC BIVENS,                            HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING**
**DEFENDANT'S PETITION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**
**(Doc. 1385)**
**AND**
**DEFENDANT'S MOTION TO COMPEL SPECIFIC PERFORMANCE (Doc. 1387)**

### I. Introduction

This is a criminal case. Before the Court is defendant Eric Bivens' "Petition to Modify Sentence under 18 U.S.C. § 3582(c)(2) for 4A1.2(c)(1)(A)" and "Motion to Compel Specific Performance." For the reasons that follow, the motions are DENIED.

### II. Background

On October 2, 2007, defendant pleaded guilty under a Rule 11 Agreement to Conspiracy to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and to Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956 (Count Ten). Because his offense involved 5 kilograms or more of cocaine, the parties agreed that defendant's conviction on Count One triggered a mandatory minimum sentence of ten years' imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii). The parties also agreed that defendant's adjusted offense level was 33,

and that his criminal history category was VI, producing a guideline range 235 to 293 months.  On November 8, 2010, the government moved for a downward departure under U.S.S.G. § 5K1.1 based on defendant rendering substantial assistance.  The government recommended a guideline range of 151 to 188 months.  On November 12, 2010, the Court went below the government's recommendation and sentenced defendant to the mandatory minimum term of imprisonment of 120 months on Count One, and a concurrent term of imprisonment of 120 months on Count Ten.  Defendant did not appeal his sentence.

### III.  Motion under 18 U.S.C. § 3582(c)(2)

Defendant moves for relief under 18 U.S.C. § 3582(c)(2), which provides in relevant part:

> (1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

As the government points out in its response, defendant's argument does not fall within the scope of relief available under section 3582(c).  Defendant contends that his criminal history was incorrect because he was wrongly given 2 points for a prior misdemeanor conviction.  Section 3582(c), however, only allows for the correction of the

2

sentence if the defendant's sentence was based on a sentencing range which his subsequently lowered by the Sentencing Commission. Defendant does not argue his sentencing range was lowered by the Sentencing Commission. Indeed defendant's sentencing range was based on the mandatory minimum sentencing of 120 moths; it was not based on any guideline calculation. The Sentencing Commission cannot, and has not, altered a statutory mandatory minimum sentence. See § 1B1.10 app. note 1(A) (noting that a reduction in sentence is not authorized under 18 U.S.C. § 3582(c) if, inter alia, defendant received a statutory mandatory minimum sentence).

Moreover, defendant's contention that his criminal history category was incorrectly scored is misguided. Defendant's Rule 11 Agreement stated that the underlying offenses occurred in or about 2001 through the date of the Second Superseding Indictment, which was 2005. Defendant was on probation for the misdemeanor offense from 2002 to 2003, during the time he committed the underlying offenses. Therefore, under U.S.S.G. § 4A1.1(d), defendant received 2 points for committing any part of the underlying offense while under a criminal justice sentence, including in this case probation. As the government explains:

> Defendant did not, as he alleges, receive 2-points for the Florida misdemeanor conviction under § 4A1.1(c). In fact, defendant's Florida conviction was not counted at all in the calculation of his criminal history category under § 4A1.1(c) because he had already received the maximum 4-points that could be counted under this section. In other words, because defendant was convicted of so many offenses that carried low sentences, he received the maximum amount of points that could be attributable to him under § 4A1.1(c) before the Florida conviction could even be counted as a "prior sentence." Therefore, Petitioner's claim that 2-points were impermissibly attributable to him under U.S.S.G. § 4A1.1(c) is simply wrong.

Government's response, Doc. 1389, at p. 3.

## IV.  Motion to Compel

In his motion to compel, defendant asks the Court to compel the government to "fully evaluate defendant's cooperation rendered in the District of South Carolina . . . and make a good faith determination . . . as to whether defendant's cooperation qualifies as 'substantial assistance' under Fed. R. Civ. P. 35(b).  The government has filed a response to the motion which fully explains why defendant is not entitled to the relief he seeks.  The government states in part:

> A court has no authority to review a decision not to file a Rule 35(b) motion unless it was based on an unconstitutional motive, such as race, or it was promised unconditionally in a plea agreement.  United States v. Benjamin, 138 F.3d 1069, 1073 (6th Cir. 1998), citing Wade v. United States, 504 U.S. 181, 185 (1992).  Bivens asserts that because he was transported to South Carolina and declared himself willing to testify, the cooperation agreement gave him a right to a further sentence reduction.  This ignores the language of the agreement itself: "It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance."
> Further, the cooperation agreement provided that for all assistance—including assistance that was expected to continue after sentencing and outside this case—the government would recommend a reduction to a sentence within the range of 151–188 months.  Since this Court sentenced Bivens to the mandatory minimum sentence of 120 months, the agreement did not contemplate any further reduction even though he promised to continue his cooperation.
> Bivens essentially concedes that the prosecutor did not have an unconstitutional motive in denying a motion under Rule 35(b). (R. 1387: Petitioner's motion at p. 7).  He argues instead that in some circuits a defendant is allowed to inquire into the government's reasons because relief would be available for a "bad faith" refusal to file a motion.
> But there is no reason for this Court to inquire into the question of the prosecutor's motivation because the Sixth Circuit has made it clear that "[a] claim based on bad faith is unreviewable." United States v. Gates, 461 F.3d 703, 711 (6th Cir. 2006).

Government's response, Doc. 1397, at p. 2-3.

Thus, the government does not have to explain its decision not to file a Rule 35(b) motion, nor can the Court review it decision under the circumstances here.

4

Finally, defendant should note that he received a greater reduction than he bargained for when the Court sentenced him below the guideline range recommended by the government.

      SO ORDERED.

                                  S/Avern Cohn  
                                  AVERN COHN  
                                  UNITED STATES DISTRICT JUDGE

Dated: January 31, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 31, 2013, by electronic and/or ordinary mail.

                                  S/Sakne Chami  
                                  Case Manager, (313) 234-5160